# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

## THOMAS A. CHAPMAN V. J. W. KITE ET ALS.

### June 16, 1921.

1. PUBLIC LANDS—*Junior and Senior Grants—Waste and Unappropriated Land—Evidence—Case at Bar.*—In a suit to reform a commissioner's deed so as to describe the land more certainly, appellant intervened claiming that he had title to part of the land under a grant from the Commonwealth of waste and unappropriated land, and if the deed was reformed as requested, a cloud would be cast upon his title. Appellees answered denying that appellant had any right to the land claimed because at the time of the grant to appellant the Commonwealth itself had no title. Appellant was a surveyor and relied on his own testimony in support of his claim. On the other hand, the title of appellees was sustained by the testimony of the county surveyor, and they also showed that part of the land had been long occupied by them and their predecessors, and that they had exercised every right of ownership of which the land was capable. Upon the question of whether the land was subject to appellant's grant was waste and unappropriated land, the county surveyor testified clearly and distinctly that it was covered by two prior grants from the Commonwealth.

   *Held:* That the trial court's decision that the issues of fact should be determined against the appellant would be upheld.

2. PUBLIC LANDS—*Prior and Subsequent Grants—Equity—Jurisdiction.*—In the instant case appellant claimed that equity was without jurisdiction to repeal, set aside, or annul a grant accorded by the Commonwealth, for the reason that section 444 of the Code of 1919 provides that such relief shall be by filing a caveat, and that after a grant is issued by the Commonwealth, no one claiming a prior equitable or legal title can have relief in equity except upon the ground of actual fraud, or upon the ground that the party was prevented from prosecuting a caveat by fraud, accident, or mistake. But section 444 of the Code of 1919 provides that the omission of any person to enter a caveat should not impair any right he might have at law or in equity to assert a better right; and section 486 of the Code of 1919 expressly provides for a suit in equity to

repeal a grant obtained by fraud, contrary to law, or to the prejudice of another's equitable rights.

3. PUBLIC LANDS—*Prior and Subsequent Grants—Equity—Jurisdiction.*—In the instant case the equitable jurisdiction of the court to grant relief to the prior grantees is clear because the subsequent grantee himself intervened in the pending suit for the purpose of establishing his title to the land in controversy and for the removal of the cloud thereon (under Code of 1919, section 6248, which he alleged the claims of the prior grantees created. The subsequent grantee cannot complain that the court exercised the very jurisdiction which he invoked.

Appeal from a decree of the Circuit Court of Madison county. Decree for complainants. Appellant and intervener appeals.

*Affirmed.*

The opinion states the case.

*Browning & Browning* and *John S. Chapman,* for the appellant.

*R. J. Thrift, N. G. Payne* and *Grimsley & Miller,* for the appellee.

PRENTIS, J., delivered the opinion of the court.

The appellant, Thomas A. Chapman, complains of an adverse decree, which involved a grant to him by the Commonwealth of 188.8 acres of land in Madison county.

Thomas Shirley, the owner of a large landed estate, died about 1850, and shortly after his death a chancery suit was instituted having among its objects the sale of his real estate for partition between his heirs at law. In 1853, under decree in that suit, George Kite became the purchaser of three parcels of land aggregating 638 acres. The land was fully paid for and the sale was duly reported and confirmed, but the purchaser died before a deed was executed.

He devised the land to his three sons, Charles E., James P., and Siram Kite. The commissioners who were appointed to convey to George Kite died without executing the deed, and in 1896 another commissioner, Settle, was appointed to convey such land to the devisees of George Kite. On the 21st day of October, 1896, Settle, commissioner, by direction in writing of Charles E. and James P. Kite, conveyed the property to their brother, Siram Kite, in which conveyance the land was merely described as "all the land and mill property bought by George Kite of Thomas Shirley's estate, lying in the county of Madison, adjoining the lands of James M. Green and others, containing 643 acres." By conveyances from Siram Kite, the appellees, his children, thereafter became the owners thereof. They instituted the pending suit for the purpose of having the deed from Commissioner Settle so reformed as to describe the land more certainly and accurately by courses and distances. The bill was filed in 1917, and the only parties made defendants were the unknown heirs of Thomas Shirley, and alleged an unbroken chain of title under grants from Thomas Lord Fairfax and the Commonwealth, made to their predecessors in title more than a century ago. *Johnson* v. *Buffington*, 2 Va. (2 Wash.) 116. In April, 1918, the appellant filed a petition in this suit, claiming that he had title to 188.8 acres of waste and unappropriated land, for which he had obtained a grant from the Governor of Virginia, dated February 7, 1917, averred that if the deed from the commissioner to the appellees should be reformed in accordance with the prayer of the bill, a cloud would thereby be cast upon his title under the grant, prayed that his title be recognized and quieted, that the prayer of the original bill, in so far as it affected his title, be denied, and asked that his petition be treated as an answer and cross-bill  The appellees who were made defendants to this cross-bill answered it, and denied that the appellant had any right or

title to the land claimed under the said grant. Among other reasons, the answer alleged that the grant was invalid and that the appellant had no title because at that time the Commonwealth itself had none; that a portion of the land was embraced within grants from Lord Fairfax, and that the remaining portion was held under grants from the Commonwealth made many years before the recent grant under which the appellant claims; that at the time of such junior grant the land was not waste and unappropriated land, but had been settled by the appellees and those under whom they claim for more than a century; that they had continuously paid taxes thereon; that they and their predecessors in title had been in open and notorious possession thereof under their various muniments of title for more than a century. The cross-bill and answer then raise clear and definite issues of fact.

[1] The appellant is a surveyor, and in support of his title relies only upon his own testimony, and his construction of the deeds and grants involved. On the other hand the title of the appellees is sustained by the testimony of the county surveyor, and they also show by a number of witnesses who have lived in the immediate vicinity that they have long occupied a part of the land; that they and those under whom they claim have held it claiming under their several muniments of title, have used it as their own, have paid taxes on it, and exercised every right of ownership of which land of this character is capable, such as fencing a few acres of it and cutting large quantities of timber therefrom.

It is said in the appellant's brief that the question in this case is whether the land in controversy was waste and unappropriated land at the time of his grant in 1917. Upon that question, as has been indicated, the only testimony to

support the affirmative is that of the appellant himself,. whereas the county surveyor testifies clearly and distinctly that it is covered by two grants from the Commonwealth— one to John Yearger for 183.3 acres, dated August 31, 1765,. and the other to John Thomas for 27 acres (which by recent survey is shown to contain 40 acres), dated September 1, 1796. The appellant in his testimony says that the controversy of this whole suit is over that John Yeager grant,. and yet he testifies that in locating the land which he claims,. he did not use that grant, and did not even know of its existence until the institution of this suit. While his testimony is voluminous, it is also obscure and unconvincing.

Without going further into the details, we agree with the trial court that the issues of fact should be determined against the appellant's contention.

[2, 3]   He claims, however, that a court of equity is without jurisdiction to repeal, set aside, or annul a grant accorded by the Commonwealth, for the reason that such relief, action, or remedy, is by statutory enactment providing for the filing of a caveat; and that after a grant is issued by the Commonwealth, no one claiming a prior equitable or legal title to the land covered by the grant can have relief in equity except upon the ground of actual fraud in the acquisition of the legal title, or upon the ground that the party was prevented from prosecuting a caveat by fraud, accident, or mistake. But it appears that the very statute (Code 1919, sec. 444), which provides for a caveat, concludes with this sentence: "The omission of any person to enter such a caveat shall not impair or affect any right he may have at law or in equity to assert a better right;" while Code 1919, section 486, expressly provides for a suit in equity to repeal a grant obtained by fraud, contrary to law, or to the prejudice of another's equitable rights. The equitable jurisdiction of the court in this case to grant the relief is clear because the appellant himself intervened in

the pending suit for the purpose of establishing his title to the land in controversy and for the removal of the cloud thereon (under Code 1919, sec. 6248), which he alleged the claims of the appellees created. He cannot now complain that the court exercised the very jurisdiction which he invoked, though if he had chosen to do so he could have instituted his action of ejectment, for the assertion of the title claimed. Taking the most favorable view of the testimony relied upon by the appellant, the most that can be said of it is that his evidence is in conflict with and differs from that of the only other surveyor introduced, as to the true construction to be placed upon the title papers, and, giving it full faith and credit, that it is so confused as barely to raise a doubt in the impartial mind.

The appellant has failed to show that there is any error in the decree.

*Affirmed.*